**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**RAYMOND R. PENNAY,**

                      **Plaintiff,**

        v.                                    3:05-CV-673
                                                    (FJS/DEP)

**MICHAEL J. ASTRUE, Commissioner of**
**Social Security,**

                      **Defendant.**

---

**APPEARANCES**                                       **OF COUNSEL**

**HINMAN, HOWARD & KATTELL, LLP**      **EUGENE D. FAUGHNAN, ESQ.**
700 Security Mutual Building
80 Exchange Street
P.O. Box 5250
Binghamton, New York 13902-5250
Attorneys for Plaintiff

**OFFICE OF THE UNITED**               **WILLIAM H. PEASE, AUSA**
**STATES ATTORNEY**
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Currently before the Court are Magistrate Judge Peebles' August 3, 2007 Report and

Recommendation and Plaintiff's objections thereto.

## II. BACKGROUND

Plaintiff filed his application for disability benefits on March 24, 2004, alleging a disability onset date of January 21, 2004. *See* Tr. at 34-35. Prior to January 2004, Plaintiff was a maintenance employee at Fairview Recovery Services, a substance abuse recovery facility. *See id.* at 40, 46, 103, 204. At some time around January 2004, Plaintiff voluntarily quit that position after a confrontation with his supervisor concerning Plaintiff's belief that he was being gradually replaced. *See id.* at 103, 121, 206.

Plaintiff has a documented history of alcohol abuse and psychological difficulties. *See id.* at 105, 109-26, 145-91. Since 1995, he has abstained from alcohol. *See id.* at 122-23. He has received periodic mental health treatment, mainly from Dr. Mokarram Jafri and Pat Pomeroy, who is a Clinical Social Worker ("CSW"). *See id.* at 104, 109-20, 145-62, 165-91. Between 2000 and September 2004, CSW Pomeroy saw Plaintiff monthly; and Dr. Jafri saw him once every two or three months.

Reports of those visits show that Plaintiff has been diagnosed as suffering from generalized anxiety disorder, subclinical Post-traumatic Stress Disorder ("PTSD"), bipolar disorder, and anger management. *See* Tr. at 101, 122, 210-11. However, the reports also show that Plaintiff has done well in treatment and that his symptomology has been controlled with medication. *See id.* Plaintiff's mental condition, by all accounts, has not affected his ability to function and engage in normal daily activities. *See id.* at 74-81, 208, 214-15. He is able to run errands, attend to household chores, drive, fish and play golf. *See id.* at 74-81, 124, 208, 214-15.

After Plaintiff's application was denied on initial review, he requested a hearing before an Administrative Law Judge ("ALJ"), which was held on October 5, 2004, before ALJ Brian P.

Kilbane. *See id.* at 20-23, 200-17. On November 30, 2004, the ALJ issued a determination of non-disability based upon his finding that, although Plaintiff suffered from psychological and psychiatric conditions, the record did not sufficiently show that his condition significantly restricted his ability to perform basic work activities. Therefore, the ALJ concluded that Plaintiff did not suffer from a severe impairment. *See id.* at 11-15. The ALJ's decision became the Commissioner's final determination on April 14, 2005, when the Social Security Administration Appeals Council denied Plaintiff's request for review of the ALJ's decision. *See id.* at 4-6.

On June 1, 2005, Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of that final decision. Plaintiff objected to the ALJ's findings on several grounds: (1) the ALJ improperly considered a determination of an agency consultant and evaluated his findings over the opinions of Plaintiff's treating doctor; (2) the ALJ's determination that he was not disabled was not supported by substantial evidence; (3) Plaintiff's mental condition was sufficiently severe to satisfy step two of the five-step evaluative process for examining the issue of disability under the Social Security Act; (4) the ALJ's determination that he did not meet his burden at step two was incorrect; and (5), because the second-step requirement is *de minimis*, the ALJ should have gone on to step three of the five-step evaluative process. *See* Report and Recommendation at 13, 17-18.

On August 3, 2007, Magistrate Judge Peebles issued his Report and Recommendation, in which he agreed with the ALJ's findings that Plaintiff did not suffer from a sufficiently severe impairment and was, therefore, not disabled. *See id.* at 18-21. Magistrate Judge Peebles also found that the ALJ properly applied the treating physician rule. *See id.* at 15-17. Plaintiff objects to both of these findings. *See* Plaintiff's Objections at 2-4.

### III. DISCUSSION

A.    **Disability determination**

To be considered disabled, a plaintiff seeking disability insurance benefits must establish that he "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, the plaintiff's

> physical or mental impairment or impairments [must be] of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. . . .

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner uses a five-step process, set forth in 20 C.F.R. § 404.1520 and § 416.920, to evaluate disability insurance claims.

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience . . . . Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform

> his past work, the [Commissioner] then determines whether there
> is other work which the claimant could perform.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *see also* 20 C.F.R. §§ 404.1520, 416.920.

The plaintiff has the burden of establishing disability at the first four steps. However, if the plaintiff establishes that his impairment prevents him from performing his past work, the burden then shifts to the Commissioner to prove the final step. *See id.*

**B.     Scope of review**

In reviewing the Commissioner's final decision, a court must determine whether the Commissioner applied the correct legal standards and whether there is substantial evidence in the record as a whole to support the decision. *See Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985 (2d Cir. 1987)) (other citations omitted). A reviewing court, however, may not affirm an ALJ's decision if it reasonably doubts that the ALJ applied the proper legal standards even if it appears that there is substantial evidence to support that decision. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports his decision. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (citation omitted). A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support that decision. *See* 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991) (citations omitted). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion . . . .'"

*Williams on behalf of Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (quotation omitted). "It is more than a mere scintilla or a touch of proof here and there in the record." *Id.*

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Id.* (citations omitted). "However, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision." *Lewis v. Comm'r of Soc. Sec.*, No. 6:00 CV 1225, 2005 WL 1899399, *1 (N.D.N.Y. Aug. 2, 2005) (citations omitted).

Finally, in a case such as this one in which a magistrate judge has issued a Report and Recommendation and a party has properly filed objections to that report, "the district court shall make a *de novo* determination of those portions of the report to which the objections are made[,]" 28 U.S.C. § 636(b)(1)(C), and shall review those portions of the report to which neither party objects for clear error, *see Turly v. Britton*, No. 9:03-CV-1425, 2007 WL 625983, *2 (N.D.N.Y. Feb. 24, 2007).

**C.     Plaintiff's claim that he has a severe impairment**

Magistrate Judge Peebles concluded that, although the second-step requirement is *de minimis,* "the evidence in this case amply supports rejection of Plaintiff's mental condition as a condition sufficient, in and of itself, to satisfy step two of the inquiry." *See* Report and Recommendation at 18.  Specifically, he found that the evidence, including notes from Plaintiff's treating sources, was internally consistent and showed that Plaintiff's mental condition had been

well-controlled with medication and did not significantly interfere with his ability to perform basic work-related activities.  *See id.* at 21.  Additionally, he found that the evidence showed that Plaintiff's mental condition had not prevented him from being able to function and engage in normal daily activities.  *See id.* at 5.

Plaintiff objects to Magistrate Judge Peebles' conclusion that he does not suffer from severe impairments within the meaning of the Social Security Act.  *See* Plaintiff's Objections at 1.  Specifically, Plaintiff contends that it is clear from reviewing the substantial evidence of his medical providers that his depression and PTSD are severe impairments.  *See id.* at 2.  Furthermore, Plaintiff argues that the level of severity of his impairments is evidenced by his continuous need to take medication to treat these conditions.  *See id.*

Plaintiff also asserts that, although his medications provide some relief from and control of his depression and PTSD, this relief and control do not diminish the severity of his conditions.  *See id.*  According to Plaintiff, the fact that prescription medications are the only thing that provides him relief demonstrates the severity of his depression and PTSD.  *See id.*

Moreover, Plaintiff contends that, although he said that his depression and anxiety were under control, this is not evidence that his conditions are not severe impairments.  *See id.*  Lastly, Plaintiff claims that his PTSD interferes with his daily living activities and that this evidences a severe impairment.  *See id.*

Section 423(d)(2)(A) of Title 42 of the United States Code provides that

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists

> in the national economy, regardless of whether such work exists in
> the immediate area in which he lives, or whether a specific job
> vacancy exists for him, or whether he would be hired if he applied
> for work.

42 U.S.C. § 423(d)(2)(A).

Although Plaintiff argues that the fact that only prescription medications can provide him relief is evidence that his disability is severe, the law holds to the contrary. In *Martin v. Weinberger*, 414 F. Supp. 96 (E.D. Tenn. 1975), the court held that a condition that improves and is repairable may not be considered a disability for purposes of disability benefits. *See id.* at 99. Moreover, the key question is whether the plaintiff's mental impairment is of such severity that he cannot engage in any substantial gainful activity, *see Barnhart v. Thomas*, 540 U.S. 20, 23-24 (2003); and the Plaintiff has the burden to prove that his impairment causes functional limitations that preclude him from being able to engage in such activity, *see DeChirico v. Callahan*, 134 F.3d 1177, 1180 (2d Cir. 1998) (citing *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982)); *Perez v. Shalala*, 890 F. Supp. 218, 223 (S.D.N.Y. 1995).

After reviewing the evidence in the record, the Court concludes that it is clear that Plaintiff's impairment is not severe. First, Plaintiff admits that the medicine he takes controls his symptoms. Furthermore, there is substantial evidence in the record to support the ALJ's finding that Plaintiff's mental impairment is not of such severity that he cannot engage in any substantial gainful activity. Dr. Jafri, Plaintiff's treating physician, also noted significant progress in Plaintiff's condition through treatment and medication. *See* Tr. at 117, 156. Likewise, CSW Pomeroy found that Plaintiff was cooperative with intact thought process. *See id.* at 115-16.

In addition, Dr. Carlton Aldrich, who examined Plaintiff, found that he exhibited intact

attention and concentration, coherent thoughts, adequate social skills, and average level of intellectual functioning with fair insight and judgment. *See* Tr. at 123-24. Based upon his examination of Plaintiff, Dr. Aldrich concluded that Plaintiff's difficulties were not "of a sufficient manner to prevent his reentry to the work force." *See id.* at 124-25.

Agency consultant, Dr. Allan Hochberg, also examined Plaintiff. *See id.* at 127-29. Dr. Hochberg found that, although Plaintiff suffered from mild limitation in daily living activities, difficulties in maintaining social functioning, and moderate limitation maintaining concentration, persistence or pace, he exhibited sustained concentration and persistence, social interaction, and adaptation. *See id.* at 128, 131-44.

Furthermore, despite Plaintiff's argument to the contrary, the fact that medication is the only thing that can control his symptoms of depression, anxiety, and PTSD does not provide a basis for concluding that his impairment is severe. In fact, evidence that medication provides Plaintiff with relief from the severity of his mental condition can, and in this case does, provide substantial evidence to support the ALJ's finding that Plaintiff is not disabled. Therefore, based on the overwhelming evidence in the record, the Court adopts Magistrate Judge Peebles' recommendation and affirms the ALJ's determination that Plaintiff did not meet his burden at step two of the five-step process to show that he suffered from a severe impairment and that he, therefore, is not disabled within the meaning of the Social Security Act.

**D.   Treating physician rule**

Plaintiff objects to Magistrate Judge Peebles' conclusion that the ALJ properly applied the treating physician rule. *See* Plaintiff's Objections at 2. Specifically, he argues that the ALJ

improperly ignored the reports of his treating physician. *See id.* at 3. To support this position, Plaintiff asserts that the limitations that Dr. Hochberg found are consistent with Dr. Jafri's limitations and support reliance on Dr. Jafri's opinion. Therefore, Plaintiff contends that the ALJ should not have discounted Dr. Jafri's opinion. *See id.* Finally, Plaintiff objects to the ALJ's treatment of the records of CSW Pomeroy and Nurse Practitioner Elizabeth Carey and argues that these records enhance Dr. Jafri's opinion. *See id.* at 4.

An ALJ must give the medical opinions of a claimant's treating physician "controlling weight" as long as they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are not inconsistent with other substantial evidence contained in the record. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). "Even if the treating physician's opinion is contradicted by substantial evidence and is thus not controlling, it is still entitled to significant weight 'because "the treating source is inherently more familiar with the claimant's medical condition than are other sources."'" *Santiago v. Barnhart*, 441 F. Supp. 2d 620, 627 (S.D.N.Y. 2006) (quoting *Gonzalez v. Callahan*, No. 94 Civ. 8747, 1997 WL 279870, at *11 (S.D.N.Y. May 23, 1997) (citing *Schlisler v. Bowen*, 851 F.2d 43, 47 (2d Cir. 1988))).

Although Plaintiff argues that the ALJ ignored the reports of his treating physician, a review of the record demonstrates that, to the contrary, the ALJ considered Dr. Jafri's opinion and found that his opinion was consistent with those of Dr. Hochberg and Dr. Aldrich. The regulations do not require that the ALJ rely upon the treating physician's opinion exclusively, only that the ALJ give controlling weight to such an opinion, which he did. Moreover, it is clear from reviewing the record as a whole that, as the ALJ noted, the opinions of **all** of the doctors who examined and/or treated Plaintiff consistently reached the same conclusion – Plaintiff's

condition was not severe. Therefore, the Court adopts Magistrate Judge Peebles' determination that the ALJ properly applied the treating physician rule.

### III. CONCLUSION

Accordingly, after considering the entire record in this case, Magistrate Judge Peebles' Report and Recommendation, and Plaintiff's objections thereto, as well as the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Peebles' August 3, 2007 Report and Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED** and Plaintiff's complaint is **DISMISSED**.

**IT IS SO ORDERED.**

Dated: August 27, 2008
       Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge